## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JUSTIN FRIEND,** | * | |
| | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil No. SAG-22-03308** |
| | * | |
| **ASTRAZENECA** | * | |
| **PHARMACEUTICALS LP,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

*    *    *    *    *    *    *    *    *    *    *    *    *

## <u>MEMORANDUM OPINION</u>

Plaintiff Justin Friend ("Plaintiff") filed a Complaint against his former employer, AstraZeneca Pharmaceuticals LP ("AstraZeneca"), alleging religious discrimination and violations of the Americans with Disabilities Act ("ADA"). ECF 1. AstraZeneca has filed a Motion to Dismiss for failure to state a claim. ECF 17. This Court has reviewed that motion, along with the opposition and reply. ECF 24, 33. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, this Court will grant AstraZeneca's Motion to Dismiss, ECF 17, and accordingly will deny Plaintiff's motion to consolidate this case with another pending action, ECF 27.

## I.    FACTUAL BACKGROUND

The facts contained herein are derived from Plaintiff's Complaint and taken in the light most favorable to Plaintiff as the non-moving party. Plaintiff began working at AstraZeneca in March, 2020 as a Senior Facilities Engineer of Operations. ECF 1 ¶ 2. He originally worked remotely for several months until he reported back to the workplace part-time. *Id.* ¶¶ 24-25. In

August, 2021, AstraZeneca implemented a COVID-19 vaccination requirement for all U.S. employees. *Id.* ¶ 2. The requirement allowed accommodations for employees who averred that they could not be vaccinated for medical, religious, or "other" reasons. *Id.* Under that requirement, when claiming an accommodation, Plaintiff selected "other." *Id.* ¶ 16. Beginning in 2022, however, AstraZeneca required its employees to submit written proof of (1) vaccination or (2) a necessary medical or religious exemption. *Id.* ¶ 3. "Other" was no longer a permissible category for accommodation.

In February, 2022, Plaintiff requested a religious exemption from the vaccination requirement, using AstraZeneca's Religious Reasonable Accommodation Request Form. *Id.* ¶¶ 4, 18. On the form, when asked for the nature of his objections to the vaccine requirement, Plaintiff wrote: "The current vaccines available are only in the Emergency Use Authorization (EUA) state. Recent data shows that the efficacy of the current vaccines is low, specifically for an individual as myself whom has tested positive prior and contains antibodies granting natural immunity against" COVID-19. ECF 17-2. AstraZeneca responded with an email denying his exemption request, stating that Plaintiff was, "among other reasons . . . not qualified for a reasonable accommodation." ECF 1 ¶ 22. AstraZeneca provided no further elaboration or opportunity to appeal. *Id.* Instead, AstraZeneca terminated Plaintiff's employment on April 29, 2022. *Id.* ¶ 29.

Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") in August of 2022, alleging unlawful religious discrimination, and in December of 2022, alleging disability discrimination. *Id.* ¶¶ 11, 13. He received right to sue letters in response to both charges. *Id.* ¶¶ 12, 14. This lawsuit ensued.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir.

2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom., McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions[.]" (quotation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken

as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Here, AstraZeneca attached Plaintiff's Religious Reasonable Accommodation Request Form to its motion. ECF 17-2. AstraZeneca notes that the form is incorporated into Plaintiff's Complaint by repeated reference. *See, e.g.*, ECF 1 ¶¶ 19, 41. Federal courts may consider documents incorporated into a complaint by reference without converting a Rule 12(b)(6) motion into a motion for summary judgment. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Specifically, the Court may consider documents attached to motions to dismiss as long as they are "integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Here, Plaintiff has not contested the authenticity of the Accommodation Request Form and refers to it in the Complaint as the premise for his religious discrimination and

disability discrimination claims. The form and its contents can therefore be properly considered at the motion to dismiss stage, without converting this motion into one for summary judgment.

### III.  ANALYSIS

#### A.  Religious Discrimination (Count One)

Plaintiff claims religious discrimination pursuant to Title VII of the Civil Rights Act of 1964 because AstraZeneca failed to accommodate his religious objection to vaccination. The elements of such a claim require a Plaintiff to plead facts plausibly suggesting "(1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; [and] (3) he or she was disciplined for failure to comply with the conflicting employment requirement." *Chalmers v. Tulon Co. of Richmond*, 101 F.3d 1012, 1019 (4th Cir. 1996) (quoting *Philbrook v. Ansonia Bd. Of Educ.*, 757 F.2d 476, 481 (2d Cir. 1985)); *see also Booth v. State of Maryland*, 337 F. App'x 301, 308-309 (4th Cir. 2009). While Plaintiff's Complaint asserts that he "had bona fide religious beliefs that conflicted with AstraZeneca's COVID-19 vaccine mandate," ECF 1 ¶ 36, it alleges no facts to allow this Court to assess what Plaintiff's religious beliefs are and how they conflict.

Even more importantly, when considering a motion to dismiss pursuant to Rule 12(b)(6), the court accepts a plaintiff's well-pleaded allegations as true except where they are contradicted by an exhibit. *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). While Plaintiff asserts that he "informed AstraZeneca of this belief in his request for religious accommodations," ECF 1 ¶ 37, on its face, Plaintiff's form makes no reference to any religious belief or basis for his exemption request. Rather, it cites his views on the effectiveness of the vaccine and the current status of its FDA approval. ECF 17-2. And he expressly declines in the form to provide any information about his religious beliefs or the way in which they might conflict with the vaccine policy. *See id.* ("Disclosure of the extent of my Religious practice is not employer privileged information. My

conscious mind allows for rational decision making and practicing my own beliefs . . . ."). These types of assertions (which are little more than a declaration that Plaintiff has the right to make his own decisions) do not constitute religious beliefs, even where religion is more expressly invoked. *See, e.g.*, *Finkbeiner v. Geisinger Clinic*, Civ. No. 4:21-CV-01903, 2022 WL 3702004, at *4 (M.D. Pa. Aug. 26, 2022) (granting motion to dismiss a religious accommodation claim based on Plaintiff's assertion of a "God given right to make her own choices" since such a position, if deemed a bona fide religious belief "would amount to a blanket privilege and a limitless excuse for avoiding all unwanted obligations" (cleaned up)); *Fallon v. Mercy Cath. Med. Ctr. of Se. Pa.*, 200 F. Supp. 3d 553, 560-61 (E.D. Pa. 2016), *aff'd*, 877 F.3d 487 (3d Cir. 2017) (rejecting assertions that an objection to vaccination based on safety and efficacy concerns, along with a contention that consenting to vaccination would violate his conscience about right and wrong, amounted to religious beliefs).

Ultimately, because Plaintiff's form failed to document or to inform AstraZeneca about any religious beliefs, AstraZeneca cannot have failed to accommodate them.[1] *Cary v. Carmichael*, 908 F. Supp. 1334, 1344 (E. D. Va. 1995)*, aff'd sub nom. Cary v. Anheuser-Busch, Inc.*, 116 F.3d 472 (4th Cir. 1997) ("If an employer has not been given adequate notice of an employee's religious conflict, then *ipso facto* the religious animus that the statute was designed to prevent cannot have existed."). In the absence of any other allegations that Plaintiff's religious beliefs were

---

[1] Plaintiff's attempt to frame this case as a failure by AstraZeneca to "start from the proposition that the employee's religious views were sincerely held," ECF 24-1 at 11, is unpersuasive. No religious views were communicated to AstraZeneca, so no determination could have been made regarding their sincerity. This case is therefore readily distinguishable from the line of cases Plaintiff cites, in which courts addressed whether the validity or sincerity of proffered religious beliefs could be determined at the motion to dismiss stage of the litigation. *See* ECF 24-1 at 14-18 (Plaintiff's brief discussing such cases).

communicated to AstraZeneca in some other fashion, his religious discrimination claim must be dismissed.

## B. ADA Claims

### 1. "Regarded as Disabled" Claim (Count Three)

Plaintiff's Complaint contains two claims for violation of the ADA. Initially, this Court must address a threshold issue: Does Plaintiff qualify for the ADA's protections?

The ADA protects qualified individuals with a disability. "An individual is disabled under the ADA . . . if he or she: (1) has a physical or mental impairment that substantially limits one or more of the individual's major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment." *Davis v. University of North Carolina*, 263 F.3d 95, 99 (4th Cir. 2001) (citations omitted); *see also* 42 U.S.C. § 12102(1). "An impairment is a disability . . . if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(l)(ii). Examples of "major life activities" include "[c]aring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working." *Id.* § 1630.2(i)(1)(i). Ultimately, "[t]he determination of whether a person is disabled is an individualized inquiry, particular to the facts of each case." *E.E.O.C. v. Sara Lee Corp.*, 237 F.3d 349, 352 (4th Cir. 2001) (citations omitted).

Plaintiff asserts in his Complaint that he is "regarded as" having a disabling condition by AstraZeneca in that AstraZeneca "regarded him as disabled because he had the medical status of being unvaccinated." ECF 1 ¶ 54. That position is unavailing. Initially, Plaintiff has not alleged facts showing he was regarded as having any physical or mental impairment that substantially limits a major life activity. Plaintiff suggests that society has imposed limitations on the major life

activities of unvaccinated individuals by prohibiting them from entering certain facilities and participating in social events. *Id.* But any such limitations are caused by societal rules, not by the vaccination status of those subject to those rules. Vaccination status itself poses no hindrance to the performance of any tasks. *Jorgenson v. Conduent Transp. Sols., Inc.*, Civil No. SAG-22-01648, 2023 WL 1472022, at *4 (D. Md. Feb. 2, 2023). And vaccination status stems from a personal choice, not from a physical or mental impairment. *See, e.g.*, *Speaks v. Health Sys. Mgmt. Inc.*, Civ. No. 22-CV-00077, 2022 WL 3448649, at *5 (W.D.N.C. Aug. 17, 2022) (noting that refusing to get an employer-mandated vaccine reflects a personal choice and is not an "'impairment' of any sort"); *Johnson v. Mount Sinai Hosp. Grp., Inc.*, Civ. No. 22-CV-2936-AMD, 2023 WL 2163774, at *6 (E.D.N.Y. Feb. 22, 2023) ("The decision to vaccinate or not to vaccinate is a personal choice, while a disability under the ADA is not something a person chooses.")

Further, Plaintiff has alleged no facts indicating that AstraZeneca classified him or regarded him as having any impairment that limits a major life activity. Merely requiring Plaintiff to follow a COVID-19 policy applicable to all employees does not support the inference that AstraZeneca classified Plaintiff as disabled under the ADA. *See Speaks*, 2022 WL 3448649, at *5 (rejecting claim that defendant classified plaintiff as impaired under the ADA by requiring her to comply with a mandatory COVID-19 vaccination policy, because plaintiff's position "would mean that [defendant] considered all its employees to have an 'impairment,' which is of course not a plausible inference"). AstraZeneca's decision to protect its workplace by requiring vaccination does not plausibly reflect a determination or belief that any of its employees are disabled or impaired. *See id.*; *Jorgenson*, 2023 WL 1472022, at *4.

### 2.  Medical Examination or Inquiry Claim (Count Two)

The ADA subsections Plaintiff cites in Count Two, 42 U.S.C. § 12112(d)(4)(A) and 29 C.F.R. § 1630.13(b), prohibit an employer from requiring a medical examination or making

inquiries as to whether an employee is an individual with a disability or as to the nature or severity of such disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity. AstraZeneca's inquiry about vaccination status, however, did not constitute a medical examination or an inquiry about a disability or disabling condition. As noted above, both vaccinated and unvaccinated people are able to perform their work and engage in major life activities without impairment or limitation. Thus, an inquiry about vaccination status does not implicate any disability. *See Jorgenson*, 2023 WL 1472022, *5 (rejecting claim that requiring employees to disclose their COVID-19 vaccination status violated Part 1630.13(b), because that requirement "did not constitute a medical examination or inquiry about a disability or disabling condition").The EEOC agrees with this analysis in its guidance:

> When an employer asks employees whether they obtained a COVID-19 vaccination, the employer is not asking the employee a question that is likely to disclose the existence of a disability; there are many reasons an employee may not show documentation or other confirmation of vaccination besides having a disability. Therefore, requesting documentation or other confirmation of vaccination is not a disability-related inquiry under the ADA, and the ADA's rules about making such inquiries do not apply.

EEOC, *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws*, at K.9, https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws#K; *see also id.* at K.1 ("[T]he EEO laws do not prevent employers from requiring documentation or other confirmation that employees are up to date on their vaccinations."). The ADA subsections cited by Plaintiff, then, are inapposite and Count Two will also be dismissed.

## IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss, ECF 17, will be GRANTED.[2] Plaintiff's motion to consolidate cases, ECF 27, will be denied as moot because this case will be CLOSED. A separate Order follows.


Dated: May 11, 2023                                          _____/s/_____

                                                             Stephanie A. Gallagher
                                                             United States District Judge

---

[2] While this Court declines to expressly foreclose amendment by dismissing Plaintiff's claims with prejudice, it notes the apparent futility of amendment absent (with respect to the religious discrimination claim) an allegation of some other communication of Plaintiff's religious beliefs to AstraZeneca prior to his termination. Any motion seeking leave to amend this Complaint must satisfactorily address this futility issue.