IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JUSTIN FRIEND., | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Case No. SAG-22-3308 |
| | * |
| ASTRAZENECA PHARMACEUTICALS LP, | * |
| | * |
| | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Justin Friend ("Friend") filed this case against his former employer, AstraZeneca Pharmaceuticals LP ("AstraZeneca"), alleging religious discrimination and violations of the Americans with Disabilities Act. ECF 1. On May 11, 2023, this Court issued a Memorandum Opinion, ECF 34 ("the Opinion"), and Order, ECF 35, granting AstraZeneca's motion to dismiss and dismissing Friend's claims without prejudice. Friend has now filed a "Motion to Alter or Amend the Judgment Purusuant [sic] to FRCP 59 and/or FRCP 60." ECF 36. The issues have been fully briefed, ECF 36-1, 37, 38, and Friend submitted additional supplemental authorities, ECF 39, 40. This Court has carefully reviewed the submissions and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Friend's Motion will be denied.

Motions to amend final judgments under Federal Rule of Civil Procedure 59(e) may only be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Further, Federal Rule of Civil Procedure 60(b) explicitly provides that a court may only afford a party relief from a final judgment

if one of the following is present: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) "any other reason that justifies relief."

Friend has not argued any of these specific standards. While he does cite some new cases, none constitute "controlling law" because they are out-of-circuit or are inapposite. He offers no new evidence. He clearly disagrees with this Court's decision, so he appears to be suggesting a "clear error of law."

In the Rule 59(e) context, for a previous judgment to be "clear error," the court's previous decision must be "dead wrong." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)). Indeed, the Fourth Circuit in *TFWS* used even stronger language in describing the standard for clear error: the prior judgment cannot be "just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Id.* (quoting *Bellsouth Telesensor v. Info. Sys. Networks Corp.*, 1995 WL 520978, at *5 n.6 (4th Cir. Sept. 5, 1995) (unpublished)). While Friend appears to disagree with that standard and suggests that "[j]ustice is not that blind," ECF 38 at 1, the rancid fish standard is in fact Fourth Circuit law. Judgments are meant to be final absent egregious circumstances.

Friend argues about several issues that this Court did not address because it deemed them to be red herrings. He also disagrees with other statements made by this Court in its opinion. Friend cites few cases in support of his contentions, and those he does cite are readily factually distinguishable from his case, in that the employees in the cited cases articulated some religious basis to support their requests for religious exemption. Friend's disagreements with the Court's analysis, then, simply reargue his case and fall far below the "unrefrigerated dead fish" threshold.

2

*TFWS*, 572 F.3d at 194 (quoting *Bellsouth Telesensor*, 1995 WL 520978, at *5 n.6)). This Court sees no basis justifying alteration or amendment of its decision.

### CONCLUSION

For the reasons set forth above, Friend's Motion to Alter or Amend, ECF 36, is DENIED. A separate Order follows.

Dated:  July 31, 2023                                                           /s/
                                                                        Stephanie A. Gallagher
                                                                        United States District Judge